UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JENNIFER NERMAN,

        Plaintiff,

    v.                                Civil No. 07-1720-HA

                                    OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

_____

HAGGERTY, Chief Judge:

      Plaintiff Jennifer Nerman seeks judicial review of a final decision by the Commissioner

of the Social Security Administration denying her application for Disability Insurance Benefits

(DIB) and Supplemental Security Income (SSI) disability benefits.  This court has jurisdiction to

review the Commissioner's decision under 42 U.S.C. § 405(g).  For the following reasons, the

Commissioner's decision is affirmed.

**<u>STANDARDS</u>**

1- OPINION AND ORDER

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).  Additionally, for the purposes of DIB, a plaintiff has the burden of proving disability prior to the termination of his or her insured status.  *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits.  20 C.F.R. §§ 404.1520, 416.920.

First, the Commissioner determines whether the claimant is engaged in SGA.  If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to the second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe."  20 C.F.R. § 404.1520(a).  If the claimant lacks this kind of impairment, disability benefits are denied.  20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment or impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA.  *See* 20 C.F.R. § 404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings).  The Listings describe impairments which qualify as severe enough to be construed as *per se* disabling.  20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings for a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual can do in a work setting despite the total limiting effects of all their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p.

The Commissioner then proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step and determines if the claimant can perform other work in the national economy in light of his or her RFC, age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof at steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

3- OPINION AND ORDER

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, so long as one of the interpretations supports the decision of the Administrative Law Judge (ALJ). *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence still must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720.

4- OPINION AND ORDER

## FACTS

The relevant facts, which are drawn from the extensive administrative record and the ALJ's decision, are summarized here.  Plaintiff was thirty-three years old at the alleged disability onset date and forty-five years old at the time of her hearing.  Plaintiff has a high school diploma and has completed two years of college.  Plaintiff has past relevant work experience as a housekeeper.

Plaintiff protectively applied for benefits on October 8, 2004, alleging disability beginning December 31, 1993, from physical and mental impairments including Temporomandibular Joint Syndrome (TMJ), migraines, ringing in her ears, the inability to use her right arm, chronic pain, herniated cervical discs, asthma, anxiety, and depression.  Plaintiff's application was denied initially and on reconsideration.  The ALJ conducted a hearing on September 19, 2006, at which he heard testimony from plaintiff, who was represented by counsel, and a vocational expert (VE).

On March 30, 2007, the ALJ issued a decision finding that plaintiff was not disabled as defined in the Social Security Act.  The Appeals Council declined plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.  Plaintiff subsequently initiated this action.

## SUMMARY OF ALJ'S FINDINGS

At step one, the ALJ found that plaintiff had not engaged in SGA since her alleged disability onset date.  Tr. 20, Finding 2.[1]

---

[1] Tr. refers to the Transcript of the Administrative Record.

At step two, the ALJ found that plaintiff had the following medically determinable impairments: TMJ, degenerative cervical disc disease, cannabis abuse, a history of headaches, mild asthma, and anxiety.  Tr. 20, Finding 3.

At step three, the ALJ found that plaintiff's impairments, singly or in combination, did not meet or equal the requirements of any listed impairment.  Tr. 21, Finding 4.

The ALJ determined that plaintiff's RFC was exertionally unlimited except that plaintiff could lift no more than ten pounds with her right arm and had a limited capacity for firm grasping with her right hand.  The ALJ also found that plaintiff could only write for short periods and should change positions occasionally.  Tr. 21, Finding 5.

At step four, the ALJ found that plaintiff was incapable of performing her past relevant work.  Tr. 23, Finding 6.

At step five, the ALJ, after consulting with a VE, found that there are jobs that exist in significant numbers in the national economy that plaintiff could perform.

**DISCUSSION**

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for further proceedings or for an award of benefits due to a number of alleged errors including: (1) improperly rejecting plaintiff's subjective symptom testimony, (2) improperly rejecting lay witness testimony, and (3) improperly contradicting vocational evidence.

**1.      Plaintiff's Testimony**

Plaintiff asserts the ALJ erred in evaluating her subjective symptom testimony.  In evaluating a plaintiff's subjective symptom testimony, the ALJ must determine whether the claimant has produced objective medical evidence of an underlying impairment that could reasonably be expected to produce the alleged symptoms.  20 C.F.R. § 404.1529(a); *Smolen v.*

6- OPINION AND ORDER

*Chater*, 80 F.3d 1273,1281-82 (9th Cir. 1996) (citation and quotation omitted).  An ALJ may consider medical evidence as a relevant factor in determining a claimant's credibility.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The Ninth Circuit set out a threshold test in *Cotton v. Bowen* to assist the ALJ in deciding whether to accept a claimant's subjective symptom testimony.  *See* 799 F.2d 1403 (9th Cir. 1986); *see also Bunnell*, 947 F.2d at 342.  If the claimant produces evidence that meets the *Cotton* test, and there is no evidence of malingering, then the ALJ can reject the claimant's testimony about the severity of symptoms only after offering specific, clear and convincing reasons for doing so.  *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms must meet two tests.  First, the claimant "must produce objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged. . . .'"  *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (quoting 42 U.S.C. § 423(d)(5)(A) (1988)); *see also Cotton*, 799 F.2d at 1407.  Second, he or she must show that the impairment or combination of impairments could reasonably be expected to produce some degree of the alleged symptoms.

Here, the ALJ found that the plaintiff's "medically determinable impairments could reasonably be expected to produce some of the alleged symptoms, but the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." Tr. at 22.  Because the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to produce some degree of symptom, the ALJ was required to provide clear and convincing reasons for rejecting her subjective symptom testimony.  *Dodrill*, 12 F.3d at 918.

The ALJ identified a number of reasons for rejecting plaintiff's symptom testimony.  The ALJ noted that plaintiff had numerous medical examinations with unremarkable results which undermined her allegations of disability.  Tr. 22-23.  One doctor stated that plaintiff "could perform light work."  Tr. 23.  The ALJ also noted that when plaintiff sought physical therapy for her allegedly disabling right arm problems, she "reported significant improvement" and was discharged from physical therapy.  Tr. 22 .  Lastly, the ALJ discussed an appointment plaintiff had on February 3, 2005.  Plaintiff met with Nancy Loeb, M.D. and requested a letter saying she was disabled.  Tr. 23.  The doctor's appointment was brief and the ALJ opined that the plaintiff's request for the disability letter "suggests that her doctor visit was based on an issue of secondary gain."  Tr. 23.  The ALJ offered clear and convincing reasons, supported by substantial evidence, for rejecting plaintiff's allegations of disability.

### 2.    Lay Witness Testimony

Plaintiff asserts that the ALJ erred in failing to credit the testimony of lay witness Lawrence Gilbert.  Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account" unless the ALJ "expressly determines to disregard such testimony and give reasons germane to each witness for doing so."  *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  An ALJ must offer "arguably germane reasons for dismissing" lay testimony, but need not "clearly link his determination to those reasons."  *Id.* at 512.

Here, the ALJ properly considered the lay witness testimony.  The ALJ correctly noted the discrepancy between the testimony of Gilbert and the medical record.  Additionally, the ALJ noted that the limited daily activities Gilbert identified  "cannot be objectively verified," and "it is difficult to attribute that degree of limitation to the claimant's medical condition."  Tr. 23.  The

8- OPINION AND ORDER

ALJ's reasons for discounting Gilbert's testimony are germane; accordingly, this court concludes that the ALJ was justified in disregarding his testimony.

      3.      **Vocational Evidence**

Plaintiff argues that the ALJ's findings improperly contradict vocational evidence. The ALJ found that plaintiff's RFC requires her to occasionally change position. Plaintiff interprets the ALJ's finding to mean that plaintiff must occasionally be allowed to lay down. During the administrative hearing, plaintiff's counsel asked the VE whether a person would be able to work if they could only "walk and stand for ten to twenty minutes and sit for ten minutes and then has to lay down to relieve pain." Tr. 319. The VE testified that such a person would be unable to find work in the national economy. Tr. 319.

Plaintiff argues that it was legal error for the ALJ to ignore the testimony of the VE. Plaintiff's argument is without merit. The ALJ never found that plaintiff needs to lie down occasionally, only that she needs to change position occasionally. The VE testimony that a person who is required to lie down on the job could not find work is totally irrelevant, and was properly disregarded by the ALJ.

**CONCLUSION**

Based on the foregoing, this court concludes that the findings of the Commissioner are based upon correct legal standards and are supported by substantial evidence existing in the record. The Commissioner's decision denying Jennifer Nerman's application for benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this 10  day of November, 2008.


    /s/ Ancer L. Haggerty

Ancer L. Haggerty
United States District Court

10- OPINION AND ORDER